Staton PERKINS, a/k/a Tommy Perkins and Maucris, Inc., Appellants,

v.

Carroll W. WALLACE, Appellee.

No. 6158.

District of Columbia Court of Appeals.

Argued March 7, 1972.

Decided June 23, 1972.

---

George H. Eggers, Silver Spring, Md., for appellants.

Maurice A. Guervitz, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and FICKLING and REILLY, Associate Judges.

PER CURIAM:

Appellants were sued by appellee for alleged past-due wages, and they filed an answer setting forth several defenses. On the day set for trial no one appeared on behalf of appellants and judgment for $2150 was awarded appellee on ex parte proof. Thereafter appellants moved to set aside the judgment. Appellee opposed the motion but the court granted it on condition that appellants pay the sum of $250 "to be divided between counsel for plaintiff and plaintiff as they may decide" and if such sum was not paid within 10 days the motion would be denied.[1] Appellants moved to modify the order by striking the condition. The order to modify was denied, and this appeal was taken from such denial. Thereafter the original judgment was reinstated because of appellants' failure to comply with the condition.

The trial court's Rule 60(b), substantially the same as Federal Rule of Civil Procedure 60(b), authorizes relief from a judgment or order on "such terms as are just", and we would not be inclined to disturb the condition imposed by the trial court except for the following circumstances. The approved statement of proceedings and evidence disclosed that at the hearing on the motion to set aside the judgment the following occurred:

> The Court was further advised by Appellant's Counsel that on the date judgment was entered, appellant's Counsel spoke to appellee's Counsel over the phone and advised appellee's Counsel he was not prepared for trial because he was unable to get in touch with his client. Appellee's Counsel advised him he would like to proceed in the case to judgment but if appellant thereafter wanted to set aside the judgment he would consent so the case could be tried on the merits. Appellee's Counsel agreed at the hearing he had made this representation but that he now withdrew it upon the instructions of his client.

We cannot condone repudiation by counsel of his agreement with opposing counsel.

---

1. Although the motion was made on behalf of both appellants, the court treated it as one solely on behalf of the individual appellant. No explanation for so doing appears on the record.

Here, appellee's counsel admitted that before obtaining judgment he agreed to consent that it be set aside in the event appellants wished a trial on the merits, and in disregard of his agreement he opposed setting aside the judgment, giving as an excuse the instructions of his client. Whether the agreement was a wise one or whether counsel had authority to make it, is of no consequence here; and the trial court was not bound to honor the agreement. However the trial court evidently found that a trial on the merits was warranted. Under the particular circumstances here presented we hold that the grant of relief on condition of payment of a substantial sum was not a grant on terms that are just. The case is remanded with instructions to set aside the judgment and afford appellants a trial on the merits.

So ordered.